United States District Court
Southern District of Texas

**ENTERED**

March 30, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NICOLAS T., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-313 |
| | § | |
| KRISTI NOEM, *et al., in their official* | § | |
| *capacities* | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION

## TO GRANT PETITIONER'S HABEAS PETITION IN PART

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 13) ("MSJ"), and Petitioner's "Reply to Respondents' Response to Order to Show Cause and Response in Opposition to Respondents' Motion for Summary Judgment" (Dkt. No. 15) ("Reply"). Petitioner is, by both parties' account, an alien who legally entered the United States through the Visa Waiver Program. Dkt. No. 1 at 3; Dkt. No. 13 at 2. Petitioner is now detained by Respondents and challenges this detention on both statutory and constitutional grounds. *See* Dkt. No. 1 at 31.

Petitioner's statutory claim is meritorious and sufficient to issue relief. Petitioner rightly stresses that Respondents must identify a source of detention authority and offers 8 U.S.C. § 1226(a)—which allows for bond hearings[2]—as the default pre-removal detention statute. Dkt. No. 1 at 20. Respondents do not invoke § 1226(a); instead, they argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1187(c)(2)(E). Dkt. No. 13 at 1.

Respondents' cited authority for detaining Petitioner, however, does not authorize

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioners' constitutional due process claims derive from the lack of a proper custody redetermination apparatus, Dkt. No. 1 at 28, so a bond hearing under 8 U.S.C. 1226(a) would presumably moot those claims.

1

detention. The text in full is as follows:

"The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien."  8 U.S.C. § 1187(c)(2)(E)

This provision does not contain language authorizing detention, much less mandatory detention. *Id.* The Respondents seem to press on the last sentence, Dkt. No. 13 at 3, but as the full text makes clear, that portion only foreswears giving additional rights to aliens; it does not strip any existing right or block any existing cause of action. An earlier provision cited by Respondents' MSJ—8 U.S.C. § 1187(b)(2)—also does not authorize detention, for it only commits the alien participating in the visa waiver program to "waive[] any right…to contest, other than on the basis of an application for asylum, any action for *removal* of the alien." 8 U.S.C. § 1187(b)(2) (emphasis added). Since the statute Respondents are using to detain Petitioner does not speak to detention, it does not authorize detention generally or to Petitioner in particular. This is the same conclusion reached by other district courts on the rare occasions this statute was invoked for this purpose, *see, e.g.*, *Neziri v. Johnson*, 187 F.Supp.3d 211, 213 (D. Mass. 2016); *Quispe v. Becerra*, No. 1:25-CV-2002 CSK, 2025 WL 3774570 (E.D. Cal. Dec. 31, 2025), and it is one that, by the strength of the textual evidence, renders *Matter of A-W-*, 25 I&N Dec. 45, 48 (BIA 2009) (holding "the statutory authority for the applicant's detention is contained in section 217(c)(2)(E) of the Act, 8 U.S.C.A. § 1187(c)(2)(E) (West Supp. 2008), not section 236 of the Act, 8 U.S.C. § 1226 (2006)") unpersuasive. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024).

Since Respondents' cited statutory provision does not authorize detention, Petitioner's detention is either *ultra vires* or lawful under 8 U.S.C. § 1226(a). It is therefore recommended that the Court (1) **GRANT** the Petition (Dkt. No. 1) in part; (2) **DENY** the

MSJ (Dkt. No. 13) as moot; (3) **ORDER** Respondents to cease applying 8 U.S.C. § 1187 as a basis to detain Petitioner; (4) **ORDER** Respondents to submit a status update affirming that they have either released Petitioner or detained him only under 8 U.S.C. § 1226(a); (5) in the event that Respondents fail to comply with their obligations, **ORDER** Petitioner released.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 30, 2026.

Karen Betancourt

United States Magistrate

Judge

3